UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KEEP SANTA ROSA BEAUTIFUL
INC.,

    Plaintiff,

v.                                           Case No. 3:22-cv-1572-MCR-MJF

BUTTERFLIES IN MOTION, INC. f/k/a
PANHANDLE BUTTERFLY HOUSE &
NATURE CENTER INC., and JENNIFER
WEBER,

    Defendants.
_____/

# REPORT AND RECOMMENDATION

Defendants move for judgment on the pleadings because Plaintiff has failed to plead essential elements of two of Plaintiff's claims—a claim under the Florida Deceptive and Unfair Trade Practices Act and a claim under the Florida Uniform Trade Secrets Act. Doc. 30.[1] Plaintiff responded in opposition. Doc. 33. Because Plaintiff failed to plead at least one essential element of its Florida Deceptive and Unfair Trade Practices Act claim, and at least one element of its Florida Uniform Trade Secrets Act claim, the District Court should grant in part and deny in part Defendants' motion for judgment on the pleadings.

---

[1] The undersigned granted Weber's unopposed motion to join Defendant Butterflies in Motion, Inc.'s motion for judgment on the pleadings. Doc. 39.

Page 1 of 13

## I. Background

A.   <u>The Panhandle Butterfly House</u>

In 1997, Plaintiff Keep Santa Rosa Beautiful Inc., ("KSRB") established the "Panhandle Butterfly House," which is an educational nature center. Doc. 1 ¶ 9. The Panhandle Butterfly House includes botanical gardens, nature trails, a vivarium that contains various species of Florida-native butterflies, and a static exhibit with more than 300 mounted butterflies. *Id.* This nature center also offers a variety of educational programs. *Id.* ¶¶ 9, 13, 17-18.

B.   <u>KSRB's Trademark for Panhandle Butterfly House</u>

On February 8, 2022, KSRB filed with the U.S. Patent and Trademark Office trademark applications for the Marks "PANHANDLE BUTTERFLY HOUSE," "PANHANDLE BUTTERFLY HOUSE & NATURE CENTER," and three logo designs. *Id.* ¶¶ 11-12. Since 1997, KSRB has "advertised, marketed and promoted its service offered in connection with its" Marks. *Id.* ¶¶ 13, 15.

C.   <u>The Panhandle Butterfly House Facebook Page</u>

In 2009, KSRB created a Facebook page titled "Panhandle Butterfly House," https://www.facebook.com/OriginalPBH/. Doc. 1 ¶¶ 15, 34. In 2020, KSRB renamed the Facebook page "Panhandle Butterfly House & Nature Center." KSRB used this Facebook page to advertise its services to potential patrons in Alabama, Florida, Georgia, and Texas. *Id* ¶ 15.

From February 5, 2020, through June 29, 2021, Weber served as one of the directors of the KSRB board of directors. *Id.* ¶ 24. During Weber's tenure with KSRB, she and Kevin Smith—KSRB's Executive Director—were administrators of the Facebook page. *Id.* ¶ 34. At some point not specified in the complaint, Weber "removed" Kevin Smith as an administrator of KSRB's Facebook page. *Id.* ¶ 35. On June 8, 2021, Weber changed the name of the Facebook page to "Panhandle Butterfly House & Nature Center Inc." *Id.*

D.   **Weber Incorporates "Panhandle Butterfly House Nature Center Inc."**

On April 5, 2021, Weber incorporated "Panhandle Butterfly House Nature Center Inc." by filing electronically articles of incorporation with the Florida Secretary of State.[2] Doc. 1 ¶ 25. Weber listed herself as the incorporator, president, and director of "Panhandle Butterfly House Nature Center Inc." *Id.* Weber listed the address of KSRB's Panhandle Butterfly House as the address for "Panhandle Butterfly House Nature Center Inc." *Id.*

E.   **KSRB's Removal of Weber from the Board of Directors**

On June 29, 2021, KSRB removed Weber from the board of directors. Doc. 1 ¶ 27. After KSRB removed Weber from the board, KSRB requested that Weber return the Facebook page credentials to KSRB staff. Weber refused. *Id.* ¶ 35. Instead,

---

[2] On May 17, 2022, Panhandle Butterfly House Nature Center Inc. was renamed to Butterflies in Motion, Inc. Doc. 29 at p. 2 ¶ 2, pp. 8-12.

Weber continued to utilize KSRB's Facebook page to post content on behalf of her corporation: Panhandle Butterfly House Nature Center Inc. *Id.* ¶¶ 37-38; Doc. 1-3 at 3, 5, 6. This included advertising about Panhandle Butterfly House Nature Center Inc.'s location and services. Doc. 1 ¶¶ 38-39; Doc. 1-3 at 3, 5, 6. KSRB asserts that such actions caused confusion among consumers, misappropriated KSRB's goodwill, and harmed KSRB's reputation. Doc. 1 ¶¶ 54-56.

**F.     This Civil Action**

On February 9, 2022, KSRB commenced this civil action. KSRB asserts the following claims:

(1)     Count I: unfair competition in violation of 15 U.S.C. § 1125(a);

(2)     Count II: unfair competition under Florida law;

(3)     Count III: violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201, *et seq.*;

(4)     Count IV: misappropriation of trade secrets under the Florida Uniform Trade Secrets Act ("FUTSA"), Fla. Stat. § 688.001, *et seq.*;

(5)     Count V: conversion under Florida common law;

(6)     Count VI: cancellation of Florida trademark registration; and

(7)     Count VII: breach of fiduciary duty.

Doc. 1. Pending before this court is Defendants' motion for judgment on the pleadings as to Count III and Count IV of Plaintiff's complaint. Doc. 30.

## II. STANDARD

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Samara v. Taylor*, 38 F.4th 141, 149 (11th Cir. 2022) (quoting *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)). "A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Rule 12(b)(6)." *Id.* at 152 (quoting *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018)). Therefore, to survive a motion for judgment on the pleadings, the "complaint must contain sufficient factual matter, accepted as true," to state a facially plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Allegations that merely suggest the possibility that the defendant acted unlawfully are insufficient; the allegations must be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678 (reiterating that Federal Rule of Civil Procedure 8 demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). When addressing a defendant's motion for judgment on

the pleadings the court must accept the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *Samara*, 38 F.4th at 152.

### III. DISCUSSION

Defendants move for judgment on the pleadings only as to Count III (violation of the FDUTPA) and Count IV (misappropriation of trade secrets under the FUTSA). Doc. 30 at 1.

**A.     Count III—KSRB's FDUTPA Claim**

According to Defendants, the allegations of KSRB's FDUTPA claim—that it "suffered harm to its reputation and good will" and that Defendants' conduct is "damaging the value of Plaintiff's Marks and brand"—are insufficient to allege the "damages" element of a FDUTPA claim. Doc. 30 at 6. Specifically, Defendants argue that KRSB did not sufficiently allege "actual damages" because KRSB did not "tie a specific action by Defendant to a specific violation of the FDUTPA that results in a specific decrease in the economic value of specific services offered by Plaintiff." *Id.* KSRB responded that it is not required to allege a "specific amount of actual damages in its complaint" and that it can recover injunctive relief regardless of whether it can recover damages.[3] Doc. 33 at 4.

---

[3] Although Defendants seek complete dismissal of Count III, Defendants did not address specifically KSRB's claim for injunctive relief under the FDUTPA. Therefore, this report and recommendation does not address that aspect of KSRB's FDUTPA claim.

Page 6 of 13

To state a claim under the FDUTPA for damages, a plaintiff must allege "(1) a deceptive act or unfair trade practice; (2) causation; and (3) actual damages." *Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1097 (11th Cir. 2021) (quoting *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 983 (11th Cir. 2016)).

Under the FDUTPA, the term "actual damages" is defined as "the difference in market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered." *Rodriguez v. Recovery Performance & Marine, LLC*, 38 So. 3d 178, 180 (Fla. 3d Dist. Ct. App. 2010). Where, as here, the alleged "unfair method of competition is the unauthorized use of a mark which diminishes the value or distinctiveness of the brand, actual damages" can include the "corrective advertising expense it will take to recover the lost value." *PODS Enter., LLC v. U-Haul Int'l, Inc.*, 126 F. Supp. 3d 1263, 1286 (M.D. Fla. 2015). The FDUTPA "does not provide for the recovery of nominal damages, speculative losses, or compensation for subjective feelings of disappointment." *Smith v. Wm. Wrigley Jr. Co.*, 663 F. Supp. 2d 1336, 1339 (S.D. Fla. 2009) (citing *Rollins Inc. v. Butland*, 951 So. 2d 860, 873 (Fla. 2d Dist. Ct. App. 2006)). Further, lost profits, "the 'quintessential example of consequential damages,' are not permitted." *See Nyquist v. Randall*, 819 F.2d 1014, 1017 (11th Cir. 1987); *see also Five for Ent. S.A. v. Rodriguez*, 877 F. Supp. 2d 1321, 1331 (S.D. Fla. 2012).

Here, KSRB has alleged that Defendants' conduct:

- caused consumers, customers, volunteers, and the public at large to be confused about the services provided by KSRB and Defendants and their affiliation, Doc. 1 ¶ ¶ 55, 82, 83;

- harmed KSRB's "reputation and goodwill" and damaged "the value" of KSRB's Mark and brand, *id.* ¶ 55; and

- caused KSRB "injury" and "irreparable harm as well as actual financial injury," *id.* ¶ 56, 85.

KSRB does not allege with specificity that it incurred expenses for advertising to correct any misapprehension created by Defendants' conduct that violates the FDUTPA.

KSRB's allegations of reputational harm and loss of goodwill are insufficient to allege "actual damages" under the FDUTPA. *Buckley v. Moore*, No. 20-CIV-61023-RAR, 2021 WL 3173185, at *10 (S.D. Fla. July 26, 2021). Furthermore, KSRB's statement that Defendants' conduct damaged "the value" of KSRB's Mark and brand and that KSRB suffered "injury," "irreparable harm," and "financial injury" are conclusory statements that do not suffice to allege the actual-damages element. Although KSRB need not allege a specific amount of damages, the FDUTPA and the federal pleading standard require KSRB to allege some facts that would allow the court to infer that Defendants' actions caused actual damages as defined by the FDUTPA. Therefore, to the extent KSRB is seeking damages pursuant to its FDUTPA claim, the District Court should grant Defendants' motion for judgment on the pleadings and dismiss this claim.

B. <u>**Count IV—Misappropriation of Trade Secrets Under the FUTSA**</u>

Defendants also argue that KSRB's FUTSA claim (Count IV) fails because KSRB has failed to allege facts which indicate that its Facebook page login credentials (1) derive independent economic value from not being generally known, and (2) were the subject of efforts that were reasonable under the circumstances to maintain their secrecy. Doc. 30 at 6.

To state a misappropriation of a trade secret claim under the FUTSA, a plaintiff must allege that (1) it possessed a trade secret; and (2) the defendant misappropriated that trade secret. *Yellowfin Yachts, Inc. v. Barker Boatworks, LLC*, 898 F.3d 1279, 1297 (11th Cir. 2018). The FUTSA defines the term "trade secret" as follows:

> (4) "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process that:
>
> > (a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and
> >
> > (b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Fla. Stat. § 688.002(4); *see Fin. Info. Tech., LLC v. iControl Sys., USA, LLC*, 21 F.4th 1267, 1273 (11th Cir. 2021) (citing Fla. Stat. § 688.002(4)); *Compulife Software Inc. v. Newman*, 959 F.3d 1288, 1311 (11th Cir. 2020).

Here, as to its FUTSA claim, KSRB alleges the following:

- The "Panhandle Butterfly House & Nature Center" Facebook page was created in 2009. Doc. 1 ¶ 34.

- Webster originally was one of two administrators of this Facebook account, but she later made herself the sole administrator. *Id.* ¶¶ 34, 35.

- This Facebook page had more than 7,000 followers and "likes."[4] *Id.* ¶ 34.

- KSRB used this Facebook page to advertise its services to potential patrons in Alabama, Florida, Georgia, and Texas. *Id.* ¶ 15.

- After KSRB removed Weber from the board of directors, Weber refused to provide KSRB access (including login credentials) to the Facebook page. *Id.* ¶ 35.

- KSRB cannot access the Facebook page because only Weber has the login credentials. *Id.* ¶ 35.

- KSRB repeatedly has requested the login credentials from Weber but she has refused to provide them to KSRB. *Id.* ¶ 35.

- Weber has continued to post information on the Facebook page, and this information is deceptive and misleading, was not approved by KSRB, and is contrary to the interest of KSRB. *Id.* ¶¶ 36-41.

- Among Weber's unauthorized posts on the Facebook page is an advertisement for a competing butterfly house. *Id.* ¶ 41.

- KSRB "owns the login credentials for the Facebook" page and these login credentials are a trade secret. *Id.* ¶ 89.

---

[4] The complaint is ambiguous as to whether the Facebook page had 7,000 followers, 7,000 "likes," or whether the sum of "followers" and "likes" is 7,000. This may not be material, but it is nevertheless ambiguous.

- KSRB "derives substantial economic value from its trade secrets by virtue of their unique, confidential, and exclusive nature."[5] *Id.* ¶ 90.

- KSRB took "reasonable measures to protect the confidentiality and secrecy of its trade secrets."[6] *Id.* ¶ 91.

Defendants obviously are correct that KSRB has failed to allege facts which indicate that its Facebook page login credentials (1) derive independent economic value from not being generally known, and (2) were the subject of efforts that were reasonable under the circumstances to maintain their secrecy. For these reasons, the District Court should grant judgment on the pleadings regarding Count IV, KSRB's FUTSA claim.

## IV. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **GRANT IN PART** and **DENY IN PART** Defendants' motion for judgment on the pleadings. Doc. 30.

---

[5] This is a conclusory assertion insofar as KSRB offers no particular facts in support of this conclusion.

[6] This, too, is a conclusory assertion insofar as KSRB does not specify the "measures" it took nor does it offer sufficient facts from which one could conclude that those measures were reasonable under the circumstances. The reasonableness of the measures also might depend on the amount of revenue the Facebook page generated for KSRB. That, too, is not specified in the complaint. From the complaint as it currently exists, therefore, one may assume that the Facebook page did not generate any revenue for KSRB.

2. **DISMISS** KSRB's Florida Deceptive and Unfair Trade Practices Act **damages claim** in Count III **without prejudice** to KSRB promptly filing an amended complaint that properly states a claim for damages under the Florida Deceptive and Unfair Trade Practices Act.

3. **DISMISS** KSRB's Florida Uniform Trade Secrets Act claim in Count IV **without prejudice** to KSRB promptly filing an amended complaint that properly states a claim under the Florida Uniform Trade Secrets Act.

4. **DENY** Defendants' motion for judgment on the pleadings as to KSRB's Florida Deceptive and Unfair Trade Practices Act claim (Count III) **to the extent KSRB seeks injunctive relief.**

At Pensacola, Florida, this 5th day of December, 2022.

/s/ *Michael J. Frank*
Michael J. Frank
United States Magistrate Judge

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters. Doc. 26;** *see* **N.D. Fla. Loc. R. 72.2(E);** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order**

**based on unobjected-to factual and legal conclusions.** ***See*** **11th Cir. Rule 3-1; 28 U.S.C. § 636.**